**Stephen J. RANIERI, Petitioner— Appellant,**

v.

**Cal TERHUNE, Director, Respondent— Appellee.**

No. 02–56226.

D.C. No. CV–00–07745–R (SGL).

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 2003.*

Decided Nov. 6, 2003.

William S. Harris, Esq., Stewart & Harris, South Pasadena, CA, Stephen J. Ranieri, Calipatria, CA, for Petitioner–Appellant.

Donald E. Denicola, Lawrence M. Daniels, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

MEMORANDUM **

California state prisoner Stephen J. Ranieri appeals the district court's dismissal of his petition for habeas corpus under 28 U.S.C. § 2254. He challenges his conviction, after a jury trial, for attempted murder and assault with a firearm. His sole claim on appeal is that the district court erred in holding that the California Su-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

preme Court's citation to *In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993), set forth an adequate and independent state ground for rejecting his state petition for habeas relief. A state prisoner is barred from presenting a claim in a federal habeas petition if he forfeited the claim by failing to abide by independent and adequate procedural rules in state court. *Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

After exhausting his direct appeal, Ranieri filed in the California Supreme Court a series of three habeas corpus challenges to his conviction. The court denied the last of those petitions by citing the timeliness rule of *Clark.* The district court held that this citation expressed an adequate and independent reason for the state court's rejection of the petition. The district court did not have the benefit, however, of our later decision in *Bennett v. Mueller,* 322 F.3d 573 (9th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 105, —— L.Ed.2d ——, 2003 WL 21313961 (U.S. Oct. 6, 2003) (No. 02–1772), which explained the federal procedures to be followed and the analysis to be applied when the state (as in this case) has pleaded the existence of an independent and adequate state procedural ground as an affirmative defense. We therefore reverse the district court's decision and remand for the court to reconsider the applicability of the procedural bar in the light of *Bennett.* The district court shall conduct such further proceedings as may be appropriate.

REVERSED and REMANDED for further proceedings consistent with this disposition.

* This disposition is not appropriate for publication and may not be cited to or by the courts